## IN THE UNITED STATES DISTRICT COURT
### WESTERN DISTRICT OF TENNESSEE
### WESTERN DIVISION

**TYAIRE HENDERSON,** *as natural parent,*
*legal guardian and next of kin of* **A.H., a minor,**
*Individually, and on behalf of others similarly*
*situated as a class,*

Plaintiff,

      v.                                        No. 2:20-cv-02604-MSN-tmp

**SONIC DRIVE IN, MEMPHIS, POPLAR,**        **FLSA Collective Action**
**A LIMITED PARTNERSHIP; SONIC**
**DRIVE IN, MEMPHIS, PERKINS, A**           **JURY DEMANDED**
**LIMITED PARTNERSHP; SONIC DRIVE**
**IN, MEMPHIS, COVINGTON PIKE, LLC;**
**SONIC DRIVE IN, MEMPHIS-OVERTON,**
**A LIMITED PARTNERSHIP; SONIC DRIVE**
**IN, MEMPHIS, KIRBY, A LIMITED**
**PARTNERSHIP; SONIC DRIVE IN,**
**MEMPHIS, MENDENHALL, A LIMITED**
**PARTNERSHIP; SONIC DRIVE IN, MEMPHIS,**
**SUMMER AVENUE, A LIMITED PARTNERSHIP;**
**SONIC DRIVE IN, MEMPHIS, STAGE RD., A**
**LIMITED PARTNERSHIP; SONIC DRIVE IN,**
**MEMPHIS, GETWELL, A LIMITED PARTNERSHIP;**
**SONIC DRIVE IN, MEMPHIS, HWY 64, A**
**LIMITED PARTNERSHIP; SONIC DRIVE IN,**
**MEMPHIS, GERMANTOWN PWKY, A LIMITED**
**PARTNERSHIP; SONIC DRIVE IN, MEMPHIS,**
**LAKELAND, TN, A LIMITED PARTNERSHIP;**
**SONIC DRIVE IN, MEMPHIS, MILLINGTON,**
**TENNESSEE, A LIMITED PARTNERSHIP;**
**SONIC DRIVE IN, MEMPHIS, YALE, A LIMITED**
**PARTNERSHIP; SONIC DRIVE IN, MEMPHIS,**
**COLLIERVILLE, TENNESSEE, A LIMITED**
**PARTNERSHIP; SONIC DRIVE IN, MEMPHIS,**
**SHELBY, A LIMITED PARTNERSHIP; SONIC**
**DRIVE IN, MEMPHIS, HWY 70, A LIMITED**
**PARTNERSHIP; SONIC DRIVE IN, MEMPHIS,**

**WINCHESTER, LLC; SONIC DRIVE IN,
MEMPHIS, TN, N. HOUSTON LEVEE, LLC;
SONIC DRIVE IN ATOKA, TN, LLC (A/K/A
SONIC PROPERTIES OF MEMPHIS), SONIC
SONIC DRIVE IN, SOUTHAVEN-AIRWAYS,
LLC; SONIC DRIVE IN, SOUTHAVEN
-GOODMAN ROAD, A LIMITED PARTNERSHIP;
SONIC DRIVE-IN, OXFORD, MS – UNIVERSITY,
LLC; SONIC DRIVE-IN, OXFORD, MS, WEST
JACKSON, LLC; SONIC DRIVE IN, OLIVE BRANCH,
HACKS CROSS, LLC; SONIC DRIVE-IN, PONTOTOC,
MS, LLC; SONIC DRIVE IN, ROBINSONVILLE, MS,
LLC; SONIC DRIVE IN, WATER VALLEY, MS, LLC;
SONIC DRIVE IN, HORN LAKE, MS, A LIMITED
PARTNERSHIP; SONIC DRIVE IN, WYNNE,
ARKANSAS, A LIMITED PARTNERSHIP; SONIC
DRIVE IN, HERNANDO, MS, LLC; SONIC DRIVE
IN, BOONEVILLE, MS, A LIMITED PARTNERSHIP;
SONIC DRIVE IN, TUPELO, MS, N GLOSTER, LLC;
SONIC DRIVE IN, CORINTH, MISSISSIPPPI,
A LIMITED PARTNERSHIP; SONIC DRIVE IN,
OLIVE BRANCH, MS, A LIMITED PARTNERSHIP,**
*and* **RONALD SOLBERG,** *Individually,*

Defendants.

---

## FIRST AMENDED COLLECTIVE ACTION COMPLAINT

---

Plaintiff, Tyaire Henderson, as natural parent, legal guardian, and next of kin of A.H., a minor ("Plaintiff" or "A.H"), individually, and on behalf of others similarly situated, files this Collective Action Complaint, averring as follows:

### I.   INTRODUCTION

1.   This is a collective action for violations of the Fair Labor Standards Act, 29 U.S.C. §§ 201, *et seq.* ("FLSA") brought against Sonic Drive In, Memphis, Poplar, a Limited Partnership; Sonic Drive In, Memphis, Perkins, a Limited  Partnership;

Sonic Drive In, Memphis, Covington Pike, LLC; Sonic Drive In, Memphis-Overton, a Limited Partnership; Sonic Drive In, Memphis, Kirby, a Limited Partnership; Sonic Drive In, Memphis, Mendenhall, a Limited Partnership; Sonic Drive In, Memphis, Summer Avenue, a Limited Partnership; Sonic Drive In, Memphis, Stage Rd., a Limited Partnership; Sonic Drive In, Memphis, Getwell, a Limited Partnership; Sonic Drive In, Memphis, Hwy 64, a Limited Partnership; Sonic Drive In, Memphis, Germantown Pkwy, a Limited Partnership; Sonic Drive In, Memphis, Lakeland, TN, a Limited Partnership; Sonic Drive In, Memphis, Millington, Tennessee, a Limited Partnership; Sonic Drive In, Memphis, Yale, a Limited Partnership; Sonic Drive In, Memphis, Collierville, Tennessee, a Limited Partnership; Sonic Drive In, Memphis, Shelby, a Limited Partnership; Sonic Drive In, Memphis, Hwy 70, a Limited Partnership; Sonic Drive In, Memphis, Winchester, LLC; Sonic Drive In, Memphis, TN, N. Houston Levee, LLC; Sonic Drive In, Atoka, TN, LLC; Sonic Drive In, Southaven-Airways, LLC; Sonic Drive In, Southaven-Goodman Road, a Limited Partnership; Sonic Drive-In, Oxford, MS – University, LLC; Sonic Drive-in, Oxford, West Jackson, LLC; Sonic Drive In, Olive Branch, Hacks Cross, LLC; Sonic Drive In, Pontotoc, MS, LLC; Sonic Drive In, Robinsonville, MS, LLC; Sonic Drive In, Water Valley, MS, LLC; Sonic Drive In, Horn Lake, a Limited Partnership; Sonic Drive In, Wynne, Arkansas, a Limited Partnership; Sonic Drive In, Hernando, MS, LLC; Sonic Drive In, Boonville, MS, a Limited Partnership; Sonic Drive In, Tupelo, MS, N. Gloster, LLC; Sonic Drive In, Corinth, Mississippi, a Limited Partnership; Sonic Drive In, Olive Branch, MS, a

Limited Partnership, d/b/a Sonic Properties of Memphis and Ronald Solberg, *Individually* ("Defendants") on behalf of Plaintiff, individually, and on behalf of himself and other similarly situated hourly-paid employees as a class.  Plaintiff and putative class members were employed by Defendants during the three (3) years preceding the filing of this Complaint. Plaintiff and the class seek damages for unpaid overtime compensation for those who have worked for Defendant as hourly-paid employees at any time within the three (3) years preceding the filing of this lawsuit. The unpaid overtime compensation claims of Plaintiff and those similarly situated are unified through a common theory of Defendants' FLSA violations.

## II.      JURISDICTION AND VENUE

2.      This Court has original jurisdiction over this action under 29 U.S.C. §§ 201, *et seq.*, 29 U.S.C. § 216(b) and 28 U.S.C. § 1331.

3.      Venue is proper in this district pursuant to 28 U.S.C. § 1391 because Plaintiff worked for Defendants in this district, Defendants' headquarters are located in this district and Defendants have conducted business within this district during all relevant periods to this action.

## III.      PARTIES

4.      Defendant Ronald Solberg owns and operates the Sonic Drive-In entities named as Defendants in this action. Defendant Solberg exercised operational control over the defendant Sonic Drive-In entities and their employees during the statutory period. Defendant Solberg is therefore individually liable under the FLSA for the

non-payment of wages complained of herein. Defendant Solberg can be served at 3687 S. Mendenhall Road, Memphis, Tennessee 38114-4802.

5.     Defendant Sonic Drive In, Memphis, Poplar, a Tennessee Limited Partnership, has its headquarters located at 3687 S. Mendenhall Road, Memphis, Tennessee 38115-4802. According to the Tennessee Secretary of State, it may be served via its registered agent: Ronald A. Solberg, 3687 S. Mendenhall Road, Memphis, Tennessee 38114-4802.

6.     Defendant Sonic Drive In, Memphis, Perkins, a Tennessee Limited Partnership, has its headquarters located at 3687 S. Mendenhall Road, Memphis, Tennessee 38115-4802. According to the Tennessee Secretary of State, it may be served via its registered agent: Ronald Solberg, 3687 S. Mendenhall Road, Memphis, Tennessee 38114-4802.

7.     Defendant Sonic Drive In, Memphis, Covington Pike, a Tennessee LLC, has its headquarters located at 3687 S. Mendenhall Road, Memphis, Tennessee 38115-4802. According to the Tennessee Secretary of State, it may be served via its registered agent: Ronald T. Solberg, 3687 S. Mendenhall Road, Memphis, Tennessee 38114-4802.

8.     Defendant Sonic Drive In, Memphis-Overton, a Tennessee Limited Partnership, has its headquarters located at 3687 S. Mendenhall Road, Memphis, Tennessee 38115-4802. According to the Tennessee Secretary of State, it may be served via its registered agent: Ronald Solberg, 3687 S. Mendenhall Road, Memphis, Tennessee 38114-4802.

9.      Defendant Sonic Drive In, Memphis, Kirby, a Tennessee Limited Partnership, has its headquarters located at 3687 S. Mendenhall Road, Memphis, Tennessee 38115-4802. According to the Tennessee Secretary of State, it may be served via its registered agent: Ronald Solberg, 3687 S. Mendenhall Road, Memphis, Tennessee 38114-4802.

10.     Defendant Sonic Drive In, Memphis, Mendenhall, a Tennessee Limited Partnership, has its headquarters located at 3687 S. Mendenhall Road, Memphis, Tennessee 38115-4802. According to the Tennessee Secretary of State, it may be served via its registered agent: Ronald Solberg, 3687 S. Mendenhall Road, Memphis, Tennessee 38114-4802.

11.     Defendant Sonic Drive In, Memphis, Summer Avenue, a Tennessee Limited Partnership, has its headquarters located at 3687 S. Mendenhall Road, Memphis, Tennessee 38115-4802. According to the Tennessee Secretary of State, it may be served via its registered agent: Ron Solberg, 3687 S. Mendenhall Road, Memphis, Tennessee 38114-4802.

12.     Defendant Sonic Drive In, Memphis, Stage RD, a Tennessee Limited Partnership, has its headquarters located at 3687 S. Mendenhall Road, Memphis, Tennessee 38115-4802. According to the Tennessee Secretary of State, it may be served via its registered agent: Ronald Solberg, 3687 S. Mendenhall Road, Memphis, Tennessee 38114-4802.

13.     Defendant Sonic Drive In, Memphis, Getwell, a Tennessee Limited Partnership, has its headquarters located at 3687 S. Mendenhall Road, Memphis, Tennessee

38115-4802. According to the Tennessee Secretary of State, it may be served via its registered agent: Ronald Solberg, 3687 S. Mendenhall Road, Memphis, Tennessee 38114-4802.

14.  Defendant Sonic Drive In, Memphis, HWY 64, a Tennessee Limited Partnership, has its headquarters located at 3687 S. Mendenhall Road, Memphis, Tennessee 38115-4802. According to the Tennessee Secretary of State, it may be served via its registered agent: Ronald Solberg, 3687 S. Mendenhall Road, Memphis, Tennessee 38114-4802.

15.  Defendant Sonic Drive In, Memphis, Germantown PKWY, a Tennessee Limited Partnership, has its headquarters located at 3687 S. Mendenhall Road, Memphis, Tennessee 38115-4802. According to the Tennessee Secretary of State, it may be served via its registered agent: Ronald A. Solberg, 3687 S. Mendenhall Road, Memphis, Tennessee 38114-4802.

16.  Defendant Sonic Drive In, Memphis, Lakeland, TN, a Tennessee Limited Partnership, has its headquarters located at 3687 S. Mendenhall Road, Memphis, Tennessee 38115-4802. According to the Tennessee Secretary of State, it may be served via its registered agent: Ronald Solberg, 3687 S. Mendenhall Road, Memphis, Tennessee 38114-4802.

17.  Defendant Sonic Drive In, Memphis, Millington, a Tennessee Limited Partnership, has its headquarters located at 3687 S. Mendenhall Road, Memphis, Tennessee 38115-4802. According to the Tennessee Secretary of State, it may be served via its registered agent: Ronald Solberg, 3687 S. Mendenhall Road, Memphis, Tennessee

38114-4802.

18.    Defendant Sonic Drive In, Memphis, Yale, a Tennessee Limited Partnership, has its headquarters located at 3687 S. Mendenhall Road, Memphis, Tennessee 38115-4802. According to the Tennessee Secretary of State, it may be served via its registered agent: Ronald Solberg, 3687 S. Mendenhall Road, Memphis, Tennessee 38114-4802.

19.    Defendant Sonic Drive In, Memphis, Collierville, Tennessee, a Tennessee Limited Partnership, has its headquarters located at 3687 S. Mendenhall Road, Memphis, Tennessee 38115-4802. According to the Tennessee Secretary of State, it may be served via its registered agent: Ronald Solberg, 3687 S. Mendenhall Road, Memphis, Tennessee 38114-4802.

20.    Defendant Sonic Drive In, Memphis, Shelby, a Tennessee Limited Partnership, has its headquarters located at 3687 S. Mendenhall Road, Memphis, Tennessee 38115-4802. According to the Tennessee Secretary of State, it may be served via its registered agent: Ronald A. Solberg, 3687 S. Mendenhall Road, Memphis, Tennessee 38114-4802.

21.    Defendant Sonic Drive In, Memphis, HWY 70, a Tennessee Limited Partnership, has its headquarters located at 3687 S. Mendenhall Road, Memphis, Tennessee 38115-4802. According to the Tennessee Secretary of State, it may be served via its registered agent: Ronald A. Solberg, 3687 S. Mendenhall Road, Memphis, Tennessee 38114-4802.

22.    Defendant Sonic Drive In, Memphis, Winchester, a Tennessee LLC, has its

8

headquarters located at 3687 S. Mendenhall Road, Memphis, Tennessee 38115-4802. According to the Tennessee Secretary of State, it may be served via its registered agent: Ronald T. Solberg, 3687 S. Mendenhall Road, Memphis, Tennessee 38114-4802.

23.    Defendant Sonic Drive In, Memphis, TN, N. Houston Levee, a Tennessee LLC, has its headquarters located at 3687 S. Mendenhall Road, Memphis, Tennessee 38115-4802. According to the Tennessee Secretary of State, it may be served via its registered agent: Ronald T. Solberg, 3687 S. Mendenhall Road, Memphis, Tennessee 38114-4802.

24.    Defendant Sonic Drive In, Memphis, Atoka, TN, a Tennessee LLC, has its headquarters located at 3687 S. Mendenhall Road, Memphis, Tennessee 38115-4802. According to the Tennessee Secretary of State, it may be served via its registered agent: Ronald Solberg, 3687 S. Mendenhall Road, Memphis, Tennessee 38114-4802.

25.    Defendant Sonic Drive In, Southaven, Goodman Road, a Mississippi LLC, has its headquarters located at 3687 S. Mendenhall Road, Memphis, Tennessee. According to the Mississippi Secretary of State, it may be served via its registered agent: Ronald A. Solberg, 3080 Goodman Rd, Olive Branch, Mississippi 38643.

26.     Defendant Sonic Drive In, Southaven-Airways, a Mississippi LLC, has its headquarters located at 3687 S. Mendenhall Road, Memphis, Tennessee. According to the Mississippi Secretary of State, it may be served via its registered agent: Ronald Solberg, 7152 Airways, Southaven, Mississippi 38671.

9

27.     Defendant Sonic Drive-In, Oxford, MS -University, a Mississippi LLC, has its headquarters located at 3687 S. Mendenhall Road, Memphis, Tennessee. According to the Mississippi Secretary of State, it may be served via its registered agent: Ronald Solberg, 9060 Goodman Rd, Olive Branch, Mississippi 38654.

28.     Defendant Sonic Drive-In, Oxford, MS, West Jackson, a Mississippi LLC, has its headquarters located at 3687 S. Mendenhall Road, Memphis, Tennessee. According to the Mississippi Secretary of State, it may be served via its registered agent: Ronald Solberg, 9060 Goodman Rd, Olive Branch, Mississippi 38654.

29.     Defendant Sonic Drive-In, Olive Branch, Hacks Cross, a Mississippi LLC, has its headquarters located at 3687 S. Mendenhall Road, Memphis, Tennessee. According to the Mississippi Secretary of State, it may be served via its registered agent: Ronald A. Solberg, 7315 Hacks Cross Road, Mississippi 38654.

30.     Defendant Sonic Drive-In, Pontotoc, MS, a Mississippi LLC, has its headquarters located at 3687 S. Mendenhall Road, Memphis, Tennessee. According to the Mississippi Secretary of State, it may be served via its registered agent: Ronald A. Solberg, 4825 Polk Lane, Olive Branch, Mississippi 38654.

31.     Defendant Sonic Drive-In, Robinsonville, MS, a Mississippi LLC, has its headquarters located at 3687 S. Mendenhall Road, Memphis, Tennessee. According to the Mississippi Secretary of State, it may be served via its registered agent: Ronald T. Solberg, 13368 Hwy 61 N., Robinsonville, Mississippi 38664.

32.      Defendant Sonic Drive-In, Water Valley, MS, a Mississippi LLC, has its headquarters located at 3687 S. Mendenhall Road, Memphis, Tennessee.

According to the Mississippi Secretary of State, it may be served via its registered agent: Ronald Solberg, 9060 Goodman Road, Olive Branch, Mississippi 38654.

33.    Defendant Sonic Drive-In, Horn Lake, MS, a Mississippi LLC, has its headquarters located at 3687 S. Mendenhall Road, Memphis, Tennessee. According to the Mississippi Secretary of State, it may be served via its registered agent: Ronald A. Solberg, 2344 Goodman RD W, Horn Lake, Mississippi 38637.

34.    Defendant Sonic Drive-In, Wynne, Arkansas, an Arkansas Limited Partnership, has its headquarters located at 3687 S. Mendenhall Road, Memphis, Tennessee. According to the Arkansas Secretary of State, it may be served via its registered agent: Erwin Ridge, 1750 N. Falls Blvd, Wynne, Arkansas 72386.

35.    Defendant Sonic Drive-In, Hernando, MS, a Mississippi LLC, has its headquarters located at 3687 S. Mendenhall Road, Memphis, Tennessee. According to the Mississippi Secretary of State, it may be served via its registered agent: Ronald A. Solberg, 955 E. Commerce Street, Hernando, Mississippi 38654.

36.    Defendant Sonic Drive-In, Booneville, MS, a Mississippi LLC, has its headquarters located at 3687 S. Mendenhall Road, Memphis, Tennessee. According to the Mississippi Secretary of State, it may be served via its registered agent: Ronald A. Solberg, 1116 N. Second Street, Booneville, Mississippi 38829.

37.    Defendant Sonic Drive-In, Tupelo, MS, N. Gloster, a Mississippi LLC, has its headquarters located at 3687 S. Mendenhall Road, Memphis, Tennessee. According to the Mississippi Secretary of State, it may be served via its registered agent: Ronald Solberg, 3376 N. Gloster, Tupelo, Mississippi 38804.

38.   Defendant Sonic Drive-In, Corinth, Mississippi, a Mississippi LLC, has its headquarters located at 3687 S. Mendenhall Road, Memphis, Tennessee. According to the Mississippi Secretary of State, it may be served via its registered agent: Ron Solberg, 601 Cass Street, Corinth, Mississippi 38665.

39.   Defendant Sonic Drive-In, Olive Branch, MS, a Mississippi Limited Partnership, has its headquarters located at 3687 S. Mendenhall Road, Memphis, Tennessee. According to the Mississippi Secretary of State, it may be served via its registered agent: Ron Solberg, 9060 Goodman Rd., Olive Branch, Mississippi 38654.

40.   Defendants constitute an integrated enterprise as that term is used in 29 U.S.C. § 203(r) because their related business activities are performed through unified operations of control for a common business purpose.

41.   A.H.  was employed by Defendant as an hourly-paid employee during the three (3) year period immediately preceding the filing of this Complaint. Plaintiff's Consent to Join this collective action is attached hereto as *Exhibit A.*

## IV.   FACTUAL BASIS FOR SUIT

42.   Defendants prepare and sell food and drink items to customers at their franchised Sonic restaurants in Tennessee, Mississippi and Arkansas.

43.   A.H. and other similarly situated employees were employed by Defendants as hourly-paid employees during the three (3) year period preceding the filing of this action.

44.   A.H. and other similarly situated hourly-paid employees prepare food and drink items to customers of Defendants at their Sonic franchised restaurants.

45.   A.H. and those similarly situated worked forty (40) or more hours per week for Defendants within weekly pay periods during all times material to this action.

46.   Defendants have been the "employer" of Plaintiff and other similarly situated hourly-paid employees within the meaning of 29 U.S.C, § 203(d) and § 203(r) at all times material to this action.

47.   Plaintiff and those similarly situated have been "employees" as defined by Section 203(e)(1) of the FLSA, and worked for Defendants within the territory of the United States within three (3) years preceding the filing of this collective action.

48.   At all times material to this action, Defendants have been an enterprise engaged in commerce and production of goods for commerce as defined by Section 203(s)(1) of the FLSA.

49.   Plaintiff and other similarly situated hourly-paid employees also have engaged in commerce during the applicable statutory period.

50.   At all times material to this action, Defendants have been an enterprise engaged in commerce or in the production of goods for commerce as defined by Section 203 (s)(1) of the FLSA, with annual revenues in excess of $500,000.00.

51.   Defendants have been responsible for the implementation and administration of their pay practices, including the decision not to pay Plaintiff and those similarly situated for all compensable hours at the applicable FLSA overtime compensation rates of pay within weekly pay periods during all times material to this action.

52.   Defendants have had a time keeping system in which Plaintiff and those similarly situated were required to "clock-in" and "clock-out" for the purpose of recording

their compensable work time during the three (3) year period preceding the filing of this Complaint.

53.     Plaintiff and those similarly situated have been subject to Defendants' aforementioned timekeeping and compensation plans, policies, and practice during all times relevant to this action.

54.     Upon information and belief, Defendants have had a common plan, policy and practice of strictly enforcing restricted hours of compensable work per day and per week (budgeted hours) by providing incentives to restaurant managers to stay within or below such "budgeted labor" and, imposing disciplinary action if they fall below such budgeted labor, even when such budgeted labor has been insufficient and inadequate to meet the operational demands of their respective Sonic Drive In restaurants.

55.     In turn, Defendants' budgeted labor policy has forced their restaurant managers to induce, require, force, expect, encourage and/or, suffer or permit, Plaintiff and those similarly situated to perform job duties before clocking-in as well as after clocking-out of their time keeping system without being compensated at the applicable FLSA overtime compensation rate of pay for such "off the clock" work time.

56.     Specifically, Defendants' managers routinely had Plaintiff and similarly situated hourly-paid employees "clocked-out" of their time keeping system several minutes prior to each respective restaurant closing and then required and forced them to continue working for thirty (30) minutes or more while "clocked-out," for

which they were not compensated for such "off-the-clock" work at the applicable FLSA overtime compensation rates of pay.

57.     The aforementioned unpaid "off-the-clock" claim of Plaintiff and those similarly situated are unified through a common theory of Defendants' FLSA violations.

58.     Defendants willfully and, with reckless disregard for the FLSA's overtime compensation requirements, failed to compensate Plaintiff and similarly situated hourly-paid employees for all compensable hours at the applicable FLSA minimum wage and overtime compensation rates of pay within weekly pay periods during all times material to this Complaint.

59.     Defendants knew they were failing to compensate plaintiff and those similarly situated at the applicable overtime compensation rates of pay for all compensable hours within weekly pay periods during all times material without a good faith basis for their failure.

60.     Defendants' common plans, policies and practices of not compensating Plaintiff and those similarly situated for all their compensable regular and overtime hours at the applicable FLSA overtime compensation rates of pay violated the FLSA.

61.     As a result of Defendants' lack of good faith and willful failure to pay Plaintiff and those similarly situated in compliance with the overtime compensation requirements of the FLSA, Plaintiff and class members have suffered lost wages as well as other damages.

62.     The net effect of Defendants' common plan, policy, and practice of depriving

Plaintiff and those similarly situated the required overtime compensation for all compensable hours of work is that they have unjustly enriched themselves and enjoyed ill-gained profits at the expense of Plaintiff and other similarly situated hourly-paid employees.

## V.    FLSA COLLECTIVE ACTION ALLEGATIONS

63.    A.H. brings this case as a collective action on behalf of others similarly situated individuals pursuant to 29 U.S.C. § 216(b) to recover unpaid overtime compensation, liquidated damages, statutory penalties, attorneys' fees and costs, and other damages owed.

64.    The proposed collective class of similarly situated persons is defined as:

> All current and former hourly-paid individuals employed by Defendants who were not paid for all  "off-the-clock" hours worked at the applicable FLSA overtime compensation rates of pay, occurring anywhere in the United States within weekly pay periods during the three (3) years preceding the filing of this action ("Class Members"). [1]

65.    Plaintiff seeks to pursue these unpaid wage claims against Defendants individually and on behalf of all other similarly situated hourly-paid employees as a class.

66.    Plaintiff and class members are "similarly situated" for purposes of 29 U.S.C. §216(b) because, *inter alia*, Defendants employed a common policy, plan and practice that resulted in a failure to pay Plaintiff and class members for all "off-the-clock" hours worked at the applicable FLSA rates of pay within weekly pay

---

[1] Plaintiff reserves the right to amend the Class Description upon the discovery of additional facts.

periods during all times material to this action.

67.   This action is properly maintained as a collective action because Plaintiff is similarly situated to the members of the collective class with respect to Defendants' pay and compensation policies and practices.

68.   The collective action mechanism is superior to other available methods for a fair and efficient adjudication of this controversy. Defendants have acted or refused to act on grounds generally applicable to class members. The prosecution of separate actions could create a risk of inconsistent and varying adjudications, place a substantial and unnecessary burden on the courts and/or substantially impair the ability of class members to protect their interests.

69.   Plaintiff will fairly and adequately protect the interests of the class as Plaintiff's interests are in complete alignment with those of class members, i.e. to pursue their aforementioned unpaid compensation claims.

70.   Counsel for Plaintiff will adequately protect A.H.'s interests as well as the interests of all putative class members.

71.   Defendants' conduct, as alleged herein, was willful and has caused significant damage to Plaintiff and the collective class.

72.   Defendants did not have a good faith basis for their failure to compensate Plaintiff and class members for all their "off-the-clock" hours worked at the applicable FLSA rates of pay within weekly pay periods during all times material to this action.

73.   Therefore, Defendants are liable to Plaintiff and class members under the FLSA for

failing to properly compensate them for their aforementioned unpaid overtime hours within weekly pay periods during all times material.

74. Plaintiff requests this Court to authorize notice to the members of the collective class to inform them of the pendency of this action and their right to "opt-in" to this lawsuit pursuant to 29 U.S.C. § 216(b), for the purpose of seeking unpaid wages, as well as liquidated damages, under the FLSA, and the other relief requested herein.

75. Plaintiff estimates there are more than 500 members in the collective class. The precise number of collective class members can be easily ascertained by examining Defendants' payroll, scheduling, timekeeping, personnel and other work-related records and documents. Given the composition and size of the class, members of the collective class may be informed of the pendency of this action directly via U.S. mail, e-mail, and by posting notice at Defendants' franchised Sonic restaurants.

76. Plaintiff and class members' unpaid minimum wages and overtime compensation claims may be determined partially by an examination of Defendants' payroll, scheduling, time keeping, personnel and other such work-related records and documents.

### COUNT I
### (Violations of the Fair Labor Standards Act)

77. Plaintiff incorporates by reference all preceding paragraphs as fully as if written herein.

78. At all relative times, Plaintiff and class members have been entitled to the rights,

protections, and benefits provided under 29 U.S.C. § 201, *et seq.*

79.    Defendants have been an "employer" engaged in interstate commerce consistent with 29 U.S.C. § 206(a) and 207(a). Plaintiff and class members also have engaged in interstate commerce during all times material to this action.

80.    Defendants employed Plaintiff and each of the class members under the coverage of the FLSA, during all times relevant to this complaint.

81.    At all relevant times, Plaintiff and class members were "employees" of Defendants within the meaning of the FLSA's minimum wage and overtime wage requirements.

82.    Plaintiff and other class members have been similarly situated individuals within the meaning of the FLSA, 29 U.S.C. § 216(b) at all relevant times, as previously described.

83.    Defendants' common policy and practice of working Plaintiff and class members "off-the-clock," without compensating them for all such compensable time at the applicable FLSA overtime compensation within weekly pay periods at all time material to this action violated the FLSA.

84.    Section 207(a)(1) of the FLSA states that an employee must be paid overtime, equal to at least one and one-half (1.5) times the employee's regular rate of pay, for all hours worked in excess of forty (40) hours per week. Pursuant to 29 C.F.R. § 778.315, compensation for hours worked in excess of forty (40) hours per week may not be considered paid to an employee unless that employee is compensated for all such overtime hours worked.

85.  Defendants' said actions and failures were willful with reckless disregard for clearly established FLSA principles.

86.  Defendants' said actions and failures were not in good faith.

87.  The unpaid minimum wage and overtime compensation claims of Plaintiff and the class are unified through a common theory of Defendant's FLSA violations.

88.  As a direct and proximate cause of Defendants' unlawful conduct, Plaintiff and similarly situated employees have suffered and will continue to suffer a loss of income and other damages.

89.  Therefore, Defendants are liable to Plaintiff and other members of the class for actual damages, liquidated damages and equitable relief, pursuant to 29 U.S.C. § 216(b), as well as reasonable attorney's fees, costs and expenses.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff and class members request the Court to enter judgment in their favor on this Complaint and:

(a) Award Plaintiff and similarly situated employees all unpaid overtime compensation against Defendants;

(b) Find and declare Defendants' violations of the FLSA were willful, and accordingly, the three (3) year statute of limitations under the FLSA applies to this action;

(c) Award Plaintiff and members of the collective class liquidated damages in accordance with the FLSA;

(d) Award prejudgment interest (to the extent that liquidated damages are not awarded);

(e)  Award Plaintiff and the collective class reasonable attorneys' fees and all costs of this action, to be paid by Defendants, in accordance with the FLSA;

(f)  Award post-judgment interest and court costs as allowed by law;

(g)  Enter an Order designating this action as an opt-in collective action under the FLSA;

(h)  Enter an Order directing the issuance of notice to putative class members pursuant to 29 U.S.C. § 216(b) for the claims of the class;

(i)  Allow Plaintiff to amend the Complaint, if necessary, as new facts are discovered;

(j)  Provide additional general and equitable relief to which Plaintiff and the class may be entitled; and

(k)  Provide further relief as the Court deems just and equitable.

<u>**JURY DEMAND**</u>

Plaintiff hereby demands a **TRIAL BY JURY** as to all issues.

Dated: August 17, 2020.                    Respectfully Submitted,

*s/Gordon E. Jackson*
Gordon E. Jackson (TN BPR #8323)
J. Russ Bryant (TN BPR #33830)
Robert E. Turner, IV (TN BPR #35364)
Robert E. Morelli, III (TN BPR #37004)
**JACKSON, SHIELDS, YEISER, HOLT OWEN & BRYANT**
Attorneys at Law
262 German Oak Drive
Memphis, Tennessee 38018
Telephone: (901) 754-8001
Facsimile: (901) 754-8524
*gjackson@jsyc.com*
*rbryant@jsyc.com*

21

*rturner@jsyc.com*
*rmorelli@jsyc.com*

***ATTORNEYS FOR PLAINTIFF***
***AND FOR OTHERS SIMILARLY***
***SITUATED***