# IN THE UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF TENNESSEE
# WESTERN DIVISION

**AMAREUS "A.J." HENDERSON.,**
*Individually, and on behalf of others similarly situated as a class,*

Plaintiff,

v.                                                                                  No. 2:20-cv-02604-MSN-tmp

**SONIC DRIVE IN, MEMPHIS, POPLAR,**                 FLSA Collective Action
**A LIMITED PARTNERSHIP, ET. AL.,**                      JURY DEMANDED

Defendants.

## JOINT MOTION FOR ORDER APPROVING RESOLUTION OF FLSA CLAIMS AND INCORPORATED MEMORANDUM IN SUPPORT

The Parties, through counsel, file this Joint Motion for Order Approving Resolution of FLSA Claims and Incorporated Memorandum in Support (the "Joint Motion"). In support of their Joint Motion, the Parties respectfully state as follows:

### BACKGROUND AND PROCEDURAL HISTORY

This case was brought under the Fair Labor Standards Act ("FLSA"). Plaintiff alleges that Defendants failed to pay him and others all minimum wages and overtime compensation due. (*See generally* ECF No. 19). Defendants deny these allegations and further deny that they violated the FLSA in any respect whatsoever (*See generally* ECF No. 21).

The Parties exchanged Initial Disclosures in February 2021. Thereafter, the Parties engaged in extensive pre-conditional certification discovery. Defendants served, and Plaintiff responded to, written discovery directed at both the propriety of conditional certification and the merits of

1

Plaintiff's claims. Plaintiff also sat for a deposition. Thereafter, the Parties fully briefed conditional certification. The Court granted conditional certification over a limited class. (ECF No. 32). Defendants then filed a Motion for Summary Judgment. (ECF No. 33-34). The Parties began settlement discussions before Plaintiff's response deadline to the pending Motion for Summary Judgment. These discussions resulted in this settlement.

Because the Parties wish to avoid expending additional resources on this matter, they now jointly request that the Court enter an order approving the agreed-upon resolution. This resolution releases and resolves any and all claims relating to this matter. While it is unclear if FLSA claims require the Court's approval, the Parties hereby submit their proposed agreed-upon resolution to the Court. *Compare Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350, 1353 (11th Cir. 1982) (judicial approval required), *with Martin v. Spring Break '83 Products, LLC*, 688 F.3d 247 (5th Cir. 2012) (Fifth Circuit held that a private settlement of a bona fide FLSA dispute does not require court approval).[1]

## LAW AND ANALYSIS

A district court, when reviewing a proposed agreed-upon resolution of FLSA claims, must scrutinize the proposal for fairness and decide whether it is a "fair and reasonable resolution of bona fide dispute over FLSA provisions." *Lynn's Food Stores*, 679 F.2d at 1355. The Eleventh Circuit set forth the following factors:

1. Was the proposed resolution achieved in an adversarial context?
2. Was the plaintiff represented by attorneys who can adequately protect her

---

[1] The Sixth Circuit has not decided whether all bona fide FLSA settlements must be judicially approved. The Parties submit that the reasoning employed in *Martin v. Spring Break '83 Products, LLC is* compelling as both parties are represented by competent counsel and the risk of unequal bargaining power is greatly diminished. Moreover, there is no textual or statutory basis for requiring judicial approval of FLSA settlements. As such, the Parties urge the Court to adopt the reasoning of *Martin* and find that judicial approval of this settlement is unnecessary.

    rights?

   3. Does the proposed resolution reflect a fair and reasonable compromise over issues that are actually in dispute?

*See id.* at 1353-54. All three factors are satisfied here.

  The settlement was (1) negotiated and agreed upon in an adversarial context, (2) both sides are represented by experienced labor and employment attorneys, and (3) the agreed-upon resolution is a fair and reasonable compromise given the significant factual disputes in the case and the uncertainty associated with proceeding to trial. For example, while Plaintiff contests the propriety of Defendants' pending Motion for Summary Judgment, it will be a very costly and time-consuming effort for Plaintiff to defend against said motion, and there is no guarantee Plaintiff will be able to defeat this Motion.

  Indeed, the resolution reached by the parties was negotiated at arms' length with both Parties represented by experienced labor and employment counsel who protected the rights of the parties. The Parties submit to the Court that the terms of this resolution reflect a fair and reasonable compromise regarding bona fide disputes with respect to whether Plaintiff was entitled to any relief under the FLSA given the significant factual disputes. Indeed, under the terms of the agreement Named Plaintiff Henderson is receiving *over* 100% of his total alleged unpaid wages and liquidated damages, as estimated by Plaintiff's counsel. Likewise, the amount received by the sole Opt-in Plaintiff, Ms. Shemmika Newble, given the small window of time she can assert claims for, is significant.[2]

---

[2] In addition, an award of attorney' fees under the FLSA "must "be reasonable under the circumstances.'" *Jackson v. Turner Holdings*, No. 2:20-cv-02018-SHM-jay, 2020 U.S. Dist. LEXIS 202818, at *3 (W.D. Tenn. Oct. 30, 2020) (quoting *Rawlings v. Prudential-Bache Properties, Inc.*, 9 F.3d. 513, 516 (6th Cir. 1993)). As set forth more fully in the supporting affidavit, attached as *Exhibit A*, the amount Plaintiff's counsel is to receive represents only a percentage of the time counsel has invested prosecuting this case.

With the Court's approval, the Parties will have resolved any and all claims and disputes between them arising out of, or in any way related to, Plaintiffs Henderson and Newble's claims under the FLSA, including attorneys' fees and costs. The Parties have attached hereto as *Exhibit B* their proposed settlement agreement and release of claims.

## CONCLUSION

For the foregoing reasons, the Parties respectfully request that the Court enter an order forthwith granting their Joint Motion, approving the Parties' agreed-upon resolution of all of the claims asserted in this FLSA action, and dismissing this action with prejudice based upon the Parties' agreement. The Parties will submit to the Court's CM/ECF inbox a proposed order granting the relief sought in this Joint Motion.

Dated: February 1, 2022                    Respectfully submitted,

*s/ Robert E. Morelli, III*
Gordon E. Jackson (TN BPR #8323)
J. Russ Bryant (TN BPR #33830)
Robert E. Turner, IV (TN BPR #35364)
Robert E. Morelli, III (TN BPR #037004)
**JACKSON, SHIELDS, YEISER, HOLT OWEN & BRYANT**
Attorneys at Law
262 German Oak Drive
Memphis, Tennessee 38018
Telephone: (901) 754-8001
Facsimile: (901) 754-8524
*gjackson@jsyc.com*
*rbryant@jsyc.com*
*rturner@jsyc.com*
*rmorelli@jsyc.com*

***ATTORNEYS FOR PLAINTIFF***

*/s/Joel W. Rice*
Joel W. Rice, IL Bar No. 6186471
Andrew. D. Welker, IL Bar No. 6311442

4

        **FISHER & PHILLIPS LLP**
        10 South Wacker Drive, Suite 3450
        Chicago, Illinois 60606
        (312) 346-8061 Phone
        (312) 346-3179 Facsimile
        jrice@fisherphillips.com
        awelker@fisherphillips.com

        ***ATTORNEYS FOR DEFENDANTS***

## **CERTIFICATE OF SERVICE**

      I hereby certify that I have this 1st day of February, 2022 caused the foregoing to be filed via the Court's electronic case filing system. Notice of this filing will be sent by operation of the Court's electronic filing system to all parties indicated on the electronic filing receipt. Parties may access this filing through the Court's electronic filing system.

                                                                  *s/Robert E. Morelli, III*

FP 42948413.1