IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

---

AMAREUS "A.J." HENDERSON,
individually, and on behalf of others similarly situated
as a class,

    Plaintiffs,

v.                                                     Case No. 2:20-cv-2604-MSN-tmp
                                                     JURY DEMAND

SONIC DRIVE IN, MEMPHIS, POPLAR,
a limited partnership, et al.,

    Defendants.

---

**ORDER GRANTING JOINT MOTION FOR ORDER APPROVING RESOLUTION OF FLSA CLAIMS**

---

Before the Court is the parties' Joint Motion for Order Approving Resolution of FLSA Claims ("Motion") (ECF No. 44) filed February 1, 2022. For the reasons set forth below, the Motion is **GRANTED**.

## BACKGROUND

Plaintiff initiated this case on August 14, 2020, against Defendants, who own and operate approximately 35 franchised Sonic Drive-In restaurants in west Tennessee, north Mississippi, and east Arkansas. (*See* ECF No. 1; ECF No. 19 at PageID 347–55.) Plaintiff alleged that Defendants failed to pay him and others all minimum wages and overtime compensation due under the Fair Labor Standards Act ("FLSA"). (*See* ECF No. 19.) On January 20, 2021, this Court entered a Scheduling Order that adopted a two-phase approach, initially setting deadlines for discovery related to conditional certification, ADR, and Plaintiff's motion for conditional certification. (*See*

ECF No. 18.) The Scheduling Order specified that Defendants could serve written discovery on Plaintiff and take his deposition, and it allowed Defendants to depose individuals who submitted consents to join before or during the pre-certification stage of discovery. Plaintiff and individuals consenting to join were also allowed to serve written discovery on Defendants. (*Id.*)

Plaintiff filed his Motion for FLSA Conditional Certification (ECF No. 24) on June 21, 2021. Defendants responded in opposition on August 4, 2021 (ECF No. 27), and Plaintiff filed his reply in support on August 18, 2021 (ECF No. 30). On November 1, 2021, this Court entered an Order Granting In Part and Denying In Part Plaintiff's Motion for FLSA Conditional Certification (ECF No. 32). Nine days later, Defendants filed a Motion for Summary Judgment (ECF No. 33); Plaintiff then filed a motion to continue the briefing schedule on Defendants' motion until three months after the close of the notice period for the collective action (ECF No. 38), which this Court granted on December 3, 2021 (ECF No. 41).

On December 20, 2021, Plaintiff filed a Notice of Settlement (ECF No. 42), followed by a Revised Notice of Settlement on January 10, 2022 (ECF No. 43). A few weeks later, the parties filed the Motion now before the Court. The parties jointly represent that they have negotiated of resolution of Plaintiffs' FLSA claims and move the Court to approve their Settlement Agreement and Release of All Claim ("Settlement Agreement") (*see* ECF No. 44-2) and dismiss this matter with prejudice.

## **DISCUSSION**

The FLSA imposes a minimum wage and an overtime wage for several categories of employee. 29 U.S.C. §§ 206-07. To ensure compliance with the overtime and minimum wage provisions, the FLSA permits an employee to sue his employer to recover unpaid wages, an additional and equal amount as liquidated damages, and reasonable attorneys' fees. *Id.* § 216(b).

"The provisions of the FLSA are mandatory and, except in two narrow circumstances, are generally not subject to bargaining, waiver, or modification by contract or settlement." *Bartlow v. Grand Crowne Resorts of Pigeon Forge*, No. 3:11-cv-400, 2012 WL 6707008, at *1 (E.D. Tenn. Dec. 26, 2012) (citing *Brooklyn Sav. Bank v. O'Neil*, 324 U.S. 697, 706 (1945)). One exception applies when courts "approve settlement of suits brought in federal district courts pursuant to Section 16(b) of the FLSA." *Id.* (citing *Lynn's Food Stores v. United States*, 679 F.2d 1350, 1354 (11th Cir. 1982)).[1]

In reviewing a proposed FLSA settlement, a court must determine whether the settlement is a "fair and reasonable resolution of a bona fide dispute over FLSA provisions." *Lynn's*, 679 F.2d at 1355; *see also Green v. Hepaco, LLC*, No. 2:13-cv-02496, 2014 WL 2624900, at *3 (W.D. Tenn. June 12, 2014). Courts consider five factors when making that determination:

> (1) the plaintiff's range of possible recovery; (2) the extent to which the settlement will enable the parties to avoid anticipated burdens and expenses in establishing their respective claims and defenses; (3) the seriousness of the litigation risks faced by the parties; (4) whether the settlement agreement is the product of arm's-length bargaining between experienced counsel; and (5) the possibility of fraud or collusion.

*Williams v. Alimar Sec., Inc.*, No. 13-cv-12732, 2016 WL 6405798, at *3 (E.D. Mich. Oct. 31, 2016) (quoting *Wolinsky v. Scholastic, Inc.*, 900 F. Supp. 2d 332, 335 (S.D.N.Y. 2012)). "A district court may choose to consider only factors that are relevant to the settlement at hand." *Snook v. Valley Ob-Gyn Clinic, P.C.*, No. 14-cv-12302, 2015 WL 144400, at *1 (E.D. Mich. Jan. 12, 2015).

---

[1] There is a circuit split as to whether the settlement of FLSA claims requires Court approval. *Compare, e.g., Martin v. Spring Break '83 Prods., LLC,* 688 F.3d 247, 256 (5th Cir. 2012) (not requiring Court approval) *with Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350, 1354 (11th Cir. 1982) (requiring Court approval). The Sixth Circuit has not spoken directly on this issue, but district courts in the Sixth Circuit have regularly required court approval of FLSA settlements. *See, e.g., Steele v. Staffmark Investments, LLC*, 172 F. Supp. 3d 1024 (W.D. Tenn. 2016); *Cardwell v. RPM Wholesale & Parts, Inc.*, Civil Case No. 21-10831, 2021 WL 5563979 (E.D. Mich. Nov. 29, 2021); *Love v. Gennett Co. Inc.*, No. 3:19-cv-296, 2021 WL 4352800 (W.D. Ky. Sept. 24, 2021).

The parties represent that under the terms of the Settlement Agreement, Plaintiff Henderson is receiving over 100% of his total alleged unpaid wages and liquidated damages, and opt-in Plaintiff Newble is also receiving a significant settlement in light of the small window of time for which she may have a claim.  (*See* ECF No. 44 at PageID 732.)  The parties further represent there are bona fide disputes about whether Plaintiff was entitled to any relief under the FLSA given significant factual disputes, and the proposed Settlement Agreement allows the parties to avoid uncertainty associated with litigating Defendants' Motion for Summary Judgment or going to trial. (*Id.*)

The Court concludes the parties have been engaged in a bona fide dispute arising under the FLSA, and that the Parties' Settlement Agreement is a fair and reasonable resolution of that dispute. The parties jointly negotiated the settlement of this FLSA lawsuit, and both parties were represented by experienced counsel.  There was a bona fide dispute as to whether Plaintiff Henderson was entitled to any compensation under the FLSA, and the Settlement Agreement is a fair and reasonable resolution of his claims, and those of opt-in Plaintiff Newble, which might otherwise require significant costs on both sides to continue litigating.

Finally, the Court finds that the proposed attorneys' fees are reasonable.  "A reasonable fee is one that is adequate to attract competent counsel, but . . . [does] not produce windfalls to attorneys." *Pittman v. Matalco (U.S.), Inc.*, Case No. 4:18CV203, 2018 WL 6567801, at *1 (N.D. Ohio Dec. 13, 2018) (quoting *Reed v. Rhodes*, 179 F.3d 453, 471 (6th Cir. 1999)).  Although the attorneys' fees here substantially exceed Plaintiffs' recovery ($24,000 of attorneys' fees and $4,500 damages for two Plaintiffs), the Court finds they are reasonable given the circumstances of this matter.  The Sixth Circuit has "upheld substantial awards of attorney's fees even though a plaintiff recovered only nominal damages." *Posner v. The Showroom, Inc.*, No. 84-5494, 762 F.2d

4

1010 (Table), 1985 WL 13108, at *2 (6th Cir. Mar. 29, 1985); *see also Pittman*, 2018 WL 6567801, at *1 (collecting cases).

## CONCLUSION

For the reasons set forth above, the parties' Joint Motion for Order Approving Resolution of FLSA Claim ("Motion") (ECF No. 44) is **GRANTED**. The parties' Settlement Agreement and Release of All Claims is **APPROVED**. All claims in this matter are **DISMISSED WITH PREJUDICE**.

**IT IS SO ORDERED**, this 18th day of February 2022.

*s/ Mark S. Norris*
MARK S. NORRIS
UNITED STATES DISTRICT JUDGE